# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**E-YAGE BOWENS,**
**D.O.C. #M93599,**

    **Plaintiff,**

vs.                                          Case No. 4:19cv01-RH/CAS

**JULIE JONES,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted another "demand for judicial clarification." ECF No. 10.[1] Plaintiff seeks to have the Court answer 28 numbered questions, most of which are multiple questions. *Id.* Plaintiff included, however, an "opt out" provision by which the Court need not respond to the questions if Respondent is ordered to show cause why Plaintiff's request for injunctive relief should not be granted. *Id.* at 4. Plaintiff's demand, again construed as a motion for clarification, is similarly

---

[1] Plaintiff previously submitted a similar document on March 8, 2019. ECF No. 5. That document was also construed as a motion and summarily denied. ECF No. 7.

denied. Plaintiff is not seeking clarification about anything relevant to this case. The motion is frivolous.

Moreover, when Plaintiff initiated this case, he submitted a hand-written document, ECF No. 1, which was less than clear. The Clerk's Office opened this case as a civil rights action for Plaintiff, but Plaintiff was required to clarify whether he intended for this action to proceed as such or as a habeas petition. ECF No. 3. Plaintiff was also advised that the Local Rules of this Court require pro se litigants to file a civil rights complaint or petition for writ of habeas corpus on an approved form which is provided without charge. N.D. Fla. Loc. R. 5.7(A). The Order explained to Plaintiff that "[a] case is a civil rights case if it asserts a claim under the United States Constitution of a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964." *Id.* Additionally, a case is a habeas petition if the relief requested is release from prison. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Having been provided that clarification, Plaintiff was provided with a civil rights complaint form and a petition for requesting issuance of a writ of habeas corpus. *Id.* He was advised to file whichever form was the most applicable for the kind of case he intended to litigate. *Id.* Plaintiff was also warned that the Court

ordinarily would not "consider a petition, motion, or complaint that is not filed on the proper form." *Id.* Plaintiff was required to file the complaint or petition by March 6, 2019. *Id.*

Additionally, Plaintiff was informed of the requirement to submit the filing fee for this case and advised of the different fees. ECF No. 3 at 2. Plaintiff was required to either pay the appropriate fee or file an in forma pauperis motion by March 6, 2019, if he was entitled to do so.[2] *Id.* He subsequently submitted payment of $5.00, ECF No. 6, suggesting that he wanted to proceed with this case as a habeas petition, rather than a civil rights case. However, it cannot be determined that this is such a case until Plaintiff files a habeas petition on the form which was provided to him.

Plaintiff was given an additional extension of time in which to comply with the orders directing him to file either a habeas petition or a civil rights complaint on the required form. ECF No. 7. His deadline to comply was April 12, 2019. *Id.* As of this date, he still has not complied.

---

[2] The Order, ECF No. 3, noted that Plaintiff had already had three prior cases dismissed as either frivolous or for failing to state a claim and he had been denied leave to proceed in forma pauperis in multiple cases. See case number 1:13cv22505-KMW, Southern District of Florida, and case number 1:13cv22506-WJZ, Southern District of Florida. It is doubtful that Plaintiff qualifies for in forma pauperis status. 28 U.S.C. § 1915(g).

Plaintiff has filed a document which he titled "letter rogatory for relief," ECF No. 4, suggesting that this is not a Court but a "tribunal operated as a private corporation" which lacked judicial power. *Id.* at 1. Plaintiff has made frivolous assertions concerning criminal proceedings and claiming "court officials consider themselves as a beneficiary." *Id.* That document does not clarify the type of case Plaintiff intended to file.

Plaintiff is not the first "three strike" prisoner who has attempted to proceed with only a $5.00 filing fee to pursue a civil rights case. If Plaintiff were legitimately seeking habeas relief, he should have filed a petition as he was directed to do, twice. ECF Nos. 3, 7. Instead, Plaintiff has shown that he is seeking to proceed with frivolous claims based on the Uniform Commercial Code. *See* ECF No. 1. Plaintiff has already been directed to consider the numerous cases which have dismissed habeas petitions brought by inmates who seek release from prison on the basis of civil contract or commercial law. *See* Harris v. Wands, 410 F. App'x 145, 146-47 (10th Cir. 2011) (holding inmate's challenge to the legality of his confinement based on civil commercial law to be frivolous); Northrop v. Quintana, 2015 WL 7345756, at *3-4 (E.D. Ky. 2015) (same); Jackson v. Massachusetts, No. CV 18-11609-LTS, 2018 WL 5017919, at *2 (D. Mass.

Oct. 15, 2018) (same); Schlager v. Beard, 398 F. App'x 699, 701 (3d Cir. 2010) (finding prisoner's claim "that he is somehow entitled to release from prison because he is a 'Secured Party Sovereign' is 'the epitome of frivolous.'") (cited in Myers v. Fla., No. 5:12-CV-259-RS- EMT, 2014 WL 68067, at *8 (N.D. Fla. Jan. 8, 2014)).  Based on the initial complaint filed, this case lacks merit.  Moreover, because Plaintiff has not complied with court orders to file a proper complaint or petition, this case should be dismissed.

Plaintiff had been warned that a recommendation would be made to dismiss this case if he did not comply with the prior Orders.  ECF Nos. 3, 7. Despite those warnings, Plaintiff has not complied and it appears that Plaintiff has abandoned this litigation. Further extensions of time would not be beneficial.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

(11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

Accordingly, it is **ORDERED** that Plaintiff's second motion for judicial clarification, ECF No. 10, is **DENIED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other**

Case No. 4:19cv01-RH/CAS

**parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**